HAWTHORNE, Justice.
In this case Gordon Edward Wright Nelson was charged in a bill of information with having “ * * * unlawfully violated Article 110 of the Louisiana Criminal Code in that he unlawfully departed from the lawful custody of the East Baton Rouge Parish Sheriff’s Office under circumstances wherein human life was not endangered * * * ”. To this charge the accused filed a demurrer, which was sustained. The State reserved and timely perfected a bill of exception to this ruling, and upon its application we granted certiorari.
It is the position of the defendant-respondent that the bill of information does not charge an offense under the law. It is the State’s position that the bill charges an offense denounced by Criminal Code Article 110 as amended by Section 1 of Act 122 of 1954, which rgads as follows:
“Simple escape is the intentional departure of a person, under circumstances wherein human life is not endangered, from lawful custody of any officer or official of the Louisiana State Penitentiary or from any place where he is lawfully detained by any officer or official of the Louisiana State Penitentiary.
“Whoever commits the crime of simple escape other than from the lawful custody of an official of penitentiary and who has not been sentenced to the penitentiary shall be imprisoned for not more than one year, provided that such imprisonment shall not run concurrently with any other sentence.
“Whoever commits the crime of simple escape from the lawful custody of an official of the penitentiary, or, having been sentenced to the penitentiary, commits the crime of simple escape before having been incarcerated in the penitentiary, shall be imprisoned at hard labor for not less than two years and not more than five years; *466 provided that such sentence shall not ran concurrently with any other sentence.” [1]
The defendant argues that the article denounces as an offense only the intentional departure from any officer of the Louisiana State Penitentiary or official of the Louisiana State Penitentiary or from any place where the accused is lawfully detained by an officer of the penitentiary or an official of the penitentiary; that the bill of information in this case does not charge that the defendant escaped from an officer or official of the state penitentiary, but rather charges that he escaped from the lawful custody of the East Baton Rouge sheriff’s office. In sum, it is defendant’s contention that the word “officer” in the first paragraph of the article means, and can only mean, an “officer of the Louisiana State Penitentiary.”
In this case we are called upon to interpret an article of the Criminal Code, and for this interpretation we are to be governed by the provisions of Article 3 of that Code, reading thus:
“The articles of this Code cannot be extended by analogy so as to create crimes not provided for herein; however, in order to promote justice and to effect the objects of the law, all of its provisions shall be given a genuine construction, according to the fair import of their words, taken in their usual sense, in connection with the context, and with reference to the purpose of the provision.”
In this case we must determine the meaning of the word “officer” as used in the first paragraph of the article; and under the rule of statutory construction quoted above, in order to ascertain the meaning of this word all the provisions of the article must be given a genuine construction in connection with the context and with reference to the purpose of the act.
The purpose of the statute is to define the crime of simple escape and to provide penalties for the commission of that offense. The penalties are of two grades: First, the statute provides that anyone who commits the crime of simple escape other than from the lawful custody of an official of the penitentiary and who has not been sentenced to the penitentiary shall be imprisoned for not more than one year (a misdemeanor). Second, it provides that whoever commits the crime of simple escape from the lawful custody of an official of the penitentiary, or, having been sentenced to the penitentiary, commits the crime of simple escape before being incarcerated in the penitentiary, shall be imprisoned at hard labor for not less than two years and not more than five years (a felony).
The felony provision is applicable to anyone who escapes from the lawful custody of an official of the penitentiary and also to anyone who escapes after being sentenced to a term in the penitentiary and before incarceration. The misdemeanor provision is applicable to those who have not been sentenced to the penitentiary and who escape from the lawful custody of someone other than an official of the penitentiary— obviously from the lawful custody of an officer. It is therefore perfectly patent that the word “officer” as used in the first paragraph means, and can only mean, a law enforcement officer who is not an official of the penitentiary.
To construe the word “officer” to mean an officer of the Louisiana State Penitentiary, as contended by the defendant, would result in deleting from the statute the first penalty provision, which makes simple escape under certain circumstances a misdemeanor. This we should not do, for the court must always, if possible, construe a statute so as to give all of its provisions effect in accordance with the legislative intent. When this statute is considered as a whole, there is no doubt of the meaning of the word “officer”, and the statute is free from ambiguity. The bill of information in this case is therefore not susceptible of *467 attack on the ground upon which the defendant’s demurrer is based.
For the reasons assigned the judgment of the lower court sustaining the demurrer is annulled and set aside, and the case is remanded to the lower court to be proceeded with according to law.

. This article was again amended by Act 65 of 1963.